## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11<br>Case No. 03-51524 (KCF)<br>Jointly Administered |
| CONGOLEUM CORPORATION, et al., | |
| Debtors. | |
| CONGOLEUM CORPORATION,<br>Debtor-in-Possession, | Adversary No. 05-06245 |
| Plaintiff, | |
| v. | |
| ARTHUR J. PERGAMENT, as the<br>Collateral Trustee of the Collateral<br>Trust, et al., | |
| Defendants. | |
| CONGOLEUM CORPORATION, et al., | Civil Case No. 3:08-cv-01150-FLW<br>Civil Case No. 3:08-cv-01151-FLW |
| Appellants, | |
| v. | |
| ARTHUR J. PERGAMENT, et al., | **Motion Day:  August 18, 2008** |
| Appellees, | |

## BRIEF IN SUPPORT
## OF MOTION TO DISMISS APPEAL

Now come, through their counsel as set forth hereinbelow, Arthur J.

Pergament, as Collateral Trustee ("Pergament"), and the defendants (the

"Asbestos Claimants") listed on Exhibits 3, 5, 8, 10, 12, 13, 19, 22, 30, 32, 39,

41, 49, 51, 61, 64, 69, 76, 77, 81, 83, 86, 88, and 90 to the Third Amended

Complaint to Avoid Pre-Petition Liens, to Avoid and Recover Preferential Transfers of Property and Fraudulent Transfers of Property Pursuant to 11 U.S.C. §§ 544, 547, 548, 549, and 550, and to Disallow Claims Because they are Non-Recourse to the Debtors, Because Agreements Have Been Frustrated, and Pursuant to 11 U.S.C. § 502(d) and 510(c) (the "Complaint") filed in the above-captioned adversary proceeding (the "Adversary Proceeding") by Congoleum Corporation ("Debtor"), which exhibits are incorporated herein[1] (Pergament and the Asbestos Claimants are referred to herein collectively as "Certain Defendants"), and submit this Brief in Support of their Motion to Dismiss Appeal, and for such brief would state as follows:

---

[1]     The Asbestos Claimants are the individuals represented by the law firms of: (i) Belluck & Fox, LLP (Exhibit 3 to the Complaint); (ii) Brayton Purcell, LLP (Exhibit 5); (iii) Cooney & Conway (Exhibit 8); (iv) David M. Lipman, L.P. (Exhibit 10); (v) Heard, Robins, Cloud & Lubel, LLP (Exhibit 12); (vi) Hissey, Kientz, & Herron, PLLC (Exhibit 13); (vii) Motley Rice, LLC (Exhibit 19); (viii) Paul & Hanley, LLP (f/k/a Paul, Hanley & Harley, LLP) (Exhibit 22); (ix) SimmonsCooper, LLC (Exhibit 30); (x) Weitz & Luxenberg, P.C. (Exhibit 32); (xi) Baron & Budd, P.C. (Exhibit 39); (xii) Brent Coon & Associates (Exhibit 41); (xiii) The David Law Firm (Exhibit 49); (xiv) Early, Ludwick, Sweeny & Strauss (Exhibit 51); (xv) Kazan, McClain, Abrams, Fernandez, Lyons, & Farrise, PC (Exhibit 61); (xvi) The Law Office of G. Patterson Keahey, P.C. (Exhibit 64); (xvii) The Law Offices of Peter G. Angelos (Exhibit 69); (xviii) Morris, Sakalarios & Blackwell (Exhibit 76); (xix) Norris & Phelps, PLLC (Exhibit 77); (xx) Provost & Umphrey Law Firm, LLP (Exhibit 81); (xxi) The Shein Law Center (Exhibit 83); (xxii) Thornton & Naumes, LLP, (Exhibit 86); (xxiii) Waters & Kraus, LLP (Exhibit 88); and (xxiv) Wilentz, Goldman & Spitzer, PC (Exhibit 90).

## TABLE OF CONTENTS

A.  Introduction ................................................................. 5

B.  Procedural and factual background ................................. 6

C.  An appellate court must determine its jurisdiction
    before consideration of the merits of an appeal ............ 11

D.  The Appealed Order is not a final order ......................... 13

E.  Appellants do not dispute that the Appealed Order is not final ........ 16

## TABLE OF AUTHORITIES

**CASES**                                                  **Page**

*Clark v. First State Bank (In re White Beauty View, Inc.)*
841 F.2d 524 (3d Cir. 1988) ......................................................... 13, 14

*In re Boca Arena, Inc.*,
184 F.3d 1285 (11th Cir. 1999) ...................................................... 14

*In re Oglesby*,
158 B.R. 602 (E.D. Pa. 1993) ........................................................ 12

*In re Pressman-Gutman Co., Inc.*
459 F.3d 383 (3d Cir. 2006) .......................................................... 12

*In re Truong*,
513 F.3d 91 (3d Cir. 2008) ........................................................... 13, 15

*In re Wood & Locker, Inc.*,
868 F.2d 139 (5th Cir. 1989) ........................................................ 15

*LTV Steel Co. Inc. v. United Mine Workers of America
(In re Chateaugay Corp.)*,
922 F.2d 86 (2d Cir. 1990) ........................................................... 15

*Murphy v. Redmond*,
No. 08-2010-JWL, 2008 WL 294538 (D. Kan. Feb. 1, 2008) .................. 15

*Official Creditors Comm. of Indus. Ceramics, Inc. v.
Indus. Ceramics Assocs.*,
252 B.R. 296 (W.D.N.Y. 2000) ...................................................... 15

*Realty Corp. v. Duke & Benedict, Inc. (In re Duke & Benedict, Inc.)*
278 B.R. 334 (S.D.N.Y. 2002) ....................................................... 12

**STATUTES**

11 U.S.C. § 158(a) ...................................................................... 11

**RULES**

FED. R. CIV. P. 54(b) ................................................................... 13, 14

FED. R. BANKR. P. 7054(a) ............................................................ 14

A.    <u>Introduction</u>

1.    Certain Defendants move to dismiss this appeal[2] for the reason that the order appealed from is not a final order.  Instead, the order is an interlocutory order in an ongoing bankruptcy adversary proceeding.  The order does not dispose of all of the claims or all of the parties in the litigation.

2.    The underlying adversary proceeding seeks to avoid certain interests in property of the Certain Defendants.  The complaint in the adversary proceeding has been amended a number of times, and the current live complaint now alleges multiple claims for relief in twenty (20) separate counts.  Only eight (8) of the counts have been adjudicated, and the Plaintiffs (appellants herein) have appealed the order adjudicating only four (4) of said counts.

3    The remaining twelve (12) counts in the litigation are proceeding to trial at this time before the Bankruptcy Court.  In fact, the Plaintiffs have recently moved to amend their complaint again to add an additional count, which would leave thirteen (13) un-adjudicated claims for

---

[2]    Two separate appeals from the same order have been filed in this Court, but have not yet been consolidated. One appeal was filed by Congoleum Corp, the Debtor in the underlying bankruptcy case (*see* Civil Case No. 3:08-cv-1151-FLW) and the other was filed by the Official Committee of Bondholders (*see* Civil Case No. 3:08-cv-01150-FLW).  Consequently, this motion to dismiss is being filed in both appeals.  The Debtor and the Official Committee of Bondholders (the "Bondholders Committee") are plaintiffs in the underlying Adversary Proceeding, and are referred to herein jointly as "Plaintiffs."

relief. Accordingly, the order at issue in this appeal is not a final order under controlling authority, and this appeal should be dismissed.

**B.** <u>Procedural and factual background</u> [3]

4. On December 2, 2005, Congoleum Corporation, et al. initiated the underlying bankruptcy adversary proceeding (the "<u>Adversary Proceeding</u>") by filing that certain Complaint to Avoid Pre-Petition Liens, to Avoid and Recover Preferential Transfers of Property and Fraudulent Transfers of Property Pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d) (the "<u>Original Complaint</u>").[4]

5. On December 30, 2005, Plaintiffs filed their First Amended Complaint to Avoid Pre-Petition Liens, to Avoid and Recover Preferential Transfers of Property and Fraudulent Transfers of Property Pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d) (the "<u>First Amended Complaint</u>").[5]

6. The Original Complaint and the First Amended Complaint sought to avoid certain interests in property under different claims for relief asserted in sixteen (16) separate counts.

---

[3]   In support of this motion Certain Defendants have filed the Declaration of Van J. Hooker ("<u>Hooker Declaration</u>"), which is incorporated fully herein by this reference. Copies of relevant documents referenced herein are attached to the Hooker Declaration.

[4]   Adversary Proceeding docket no. 1; *see* Hooker Declaration, Ex. "A".

[5]   Adversary Proceeding docket no. 39; *see* Hooker Declaration, Ex. "B".

7.    On March 16, 2006, Plaintiffs moved for summary judgment on two of the sixteen counts (Counts I and II) contained in the First Amended Complaint.[6]  On July 31, 2006, the Bankruptcy Court entered its Order Denying Motion for Summary Judgment and Granting Summary Judgment in favor of Defendants on Counts I and II of the First Amended Complaint, denying Plaintiffs' motion for summary judgment and granting summary judgment for the defendants with regard to those two counts only.[7]

8.    On December 6, 2006, Plaintiffs filed their Second Amended Complaint to Avoid Pre-Petition Liens, to Avoid and Recover Preferential Transfers of Property and Fraudulent Transfers of Property Pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d) (the "Second Amended Complaint").[8]

9.    The Second Amended Complaint did not add any additional counts to the litigation.

10.    On April 16, 2007, Plaintiffs moved for summary judgment on two more of the sixteen counts (Counts V and VI) contained in the Second Amended Complaint.[9]  On August 27, 2007, the Bankruptcy Court entered its Order Granting Summary Judgment in Favor of Plaintiffs on Counts V and

---

[6]    Adversary Proceeding docket no. 52.

[7]    Adversary Proceeding docket no. 103; *see* Hooker Declaration, Ex. "C".

[8]    Adversary Proceeding docket no. 112; *see* Hooker Declaration, Ex. "D".

[9]    Adversary Proceeding docket no. 122.

VI of the Second Amended Complaint, granting Plaintiffs' motion for summary judgment on Counts V and VI (the "Summary Judgment Order on Counts V and VI").[10]

11.    On September 4, 2007, Plaintiffs filed their Third Amended Complaint to Avoid Pre-Petition Liens, to Avoid and Recover Preferential Transfers of Property and Fraudulent Transfers of Property Pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550 and to Disallow Claims Because They Are Non-Recourse to the Debtors, Because Agreements Have Been Frustrated, and Pursuant to 11 U.S.C. § 502(d) (the "Third Amended Complaint").[11]

12.    The Third Amended Complaint added four additional counts (Counts XVII-XX) to the case, increasing the total claims for relief from sixteen (16) counts to twenty (20).  No claims or causes of action were removed from the litigation.

13.    On or about October 12, 2007, Plaintiffs moved for summary judgment on four (4) of the twenty (20) counts (Counts XVII-XX) contained in the Third Amended Complaint.[12]  On December 28, 2007, the Bankruptcy Court entered its Order Denying Summary Judgment to Debtors and Granting Summary Judgment in Favor of Defendants on Counts XVII, XVIII,

---

[10]    Adversary Proceeding docket no. 156; *see* Hooker Declaration, Ex. "E".

[11]    Adversary Proceeding docket no. 160; *see* Hooker Declaration, Ex. "F".

[12]    Adversary Proceeding docket no. 190.

XIX and XX of the Third Amended Complaint in the Omnibus Adversary
Proceeding, denying Plaintiffs' motion for summary judgment and granting
summary judgment in favor of defendants on Counts XVII, XVIII, XIX and
XX of the Third Amended Complaint (the "Appealed Order").[13]

14.    The Appealed Order is the order that is the subject of the Notice
of Appeal filed by Plaintiffs (appellants herein).  The Appealed Order was not
and is not a final judgment in the Adversary Proceeding and did not conclude
the litigation or adjudicate all of the claims for relief therein.  In fact, the
Appealed Order only adjudicated four (4) of the currently-pending twenty (20)
counts in the Adversary Proceeding.

15.    At the time the Plaintiffs' counsel informed counsel for Certain
Defendants that Plaintiffs intended to file a Notice of Appeal with regard to
the Appealed Order, the issue was raised with Plaintiffs' counsel as to
whether they believed the order was a final, appealable order.  In an email to
counsel for Certain Defendants[14], it was conceded that the order was not final
but that the appeal was being taken by Plaintiffs solely as a "conservative"
measure to assure against the "unlikely" event someone might determine the
order could be construed as final:

> "Let me be clear and re-iterate, Van.  We are not suggesting that we
> "have to appeal" the order.  As I mentioned during yesterday's call, I am
> of the view that one could reasonably conclude under Rule 54 that the
> appeal is interlocutory.  Again, I don't take issue with anyone who comes

---

[13]    Adversary Proceeding docket no. 266; *see* Hooker Declaration, Ex. "G".

[14]    *See* Hooker Declaration, Ex. "K".

> to that conclusion.  However, there is 3rd circuit caselaw that does allow for and recognize circumstances where, within the context of a bankruptcy proceeding, certain orders can be deemed final. … Our decision to treat this as a final order is a very conservative approach – it simply assures against any (albeit unlikely) subsequent determination that the ruling was in fact final … .

Such email is an admission by appellant's counsel that the Appealed Order is not final and no appeal should have been brought therefrom.

16.    Although the parties at one point reached a tentative settlement, such settlement was not approved by the Bankruptcy Court and the Adversary Proceeding is continuing.  On July 17, 2008, the Bankruptcy Court entered its Modified Case Management Order ("CMO") setting forth certain procedures for the continuation of the litigation of the remaining twelve (12) counts in the Adversary Proceeding.[15]

17.    Among other things, the CMO provides a mechanism for (i) the Plaintiffs to seek to amend their complaint a fourth time, and (ii) for the Adversary Proceeding to be consolidated with another adversary proceeding that has been filed but is currently under seal (referred to in the CMO as the "Pergament II Proceeding").  [*See*, CMO ¶¶ 12(e), 13 and 14].  The CMO also schedules a status conference for August 19, 2008, to consider "discovery timing and procedures and the remainder of the litigation schedule" for the Adversary Proceeding.  [*See*, CMO ¶ 17].

---

[15]    Adversary Proceeding docket no. 322; *see* Hooker Declaration, Ex. "H".

18.    On July 17, 2008, Plaintiffs filed Plaintiffs' Joint Motion for Leave to file a Fourth Amended Complaint (the "Motion for Leave to File Fourth Amended Complaint").[16]

19.    If leave is granted to file the Fourth Amended Complaint, the number of counts in the adversary proceeding will increase to twenty-one (21), and upon consolidation with the Pergament II Adversary Proceeding, the number of pending counts will increase above twenty-one (21).  Each count in the Adversary Proceeding sets forth a different claim for relief.[17]

20.    Only eight (8) of twenty (20) counts in the Adversary Proceeding have been adjudicated at this time.  Upon consolidation with the Pergament II Adversary Proceeding, the number of un-adjudicated claims for relief will increase.

C.    **An appellate court must determine its jurisdiction before consideration of the merits of an appeal.**

21.    Appeals as of right from a bankruptcy court are governed by 28 U.S.C. § 158(a) which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees … of bankruptcy judges."[18]   Thus, in the case of a bankruptcy court

---

[16]    Adversary Proceeding docket no. 325; *see* Hooker Declaration, Exs. "I" and "J".

[17]    *See id.*

[18]    28 U.S.C. § 158(a) provides:

The district courts of the United States shall have jurisdiction to hear appeals

order, a party can only appeal as of right from final judgments, orders and decrees, and the jurisdiction of the district court is limited to review of such final judgments, orders and decrees.[19]

22.   As is the case in all appeals, a district court must first determine that it has jurisdiction over the appeal.  *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 392 (3d Cir. 2006); *In re Oglesby*, 158 B.R. 602, 604 (E.D. Pa. 1993) ("As a threshold matter, we must determine whether we have jurisdiction to consider an appeal…."); *Realty Corp. v. Duke & Benedict, Inc. (In re Duke & Benedict, Inc.)*, 278 B.R. 334, 340-41 (S.D.N.Y. 2002) ("Before considering the merits of the appeal, this Court must first consider whether it has appellate jurisdiction over the matter.").  If the district court does not

---

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a).

[19]   Plaintiffs have not sought or been granted leave to appeal the Appealed Order.

-12-

have jurisdiction over the appeal then it cannot reach the merits of the appeal. *In re Pressman-Gutman Co., Inc.*, 459 F.3d at 392.

23.    There is no dispute that the Appealed Order is not a final order. Accordingly, in order to conserve judicial resources, as well as those of the parties, it is appropriate for this Court to determine its jurisdiction to hear this appeal before setting a briefing schedule and consideration of the merits. A ruling on the instant motion will achieve judicial economy and prevent the piecemeal appeal of interlocutory orders from the underlying Adversary Proceeding, which is continuing to be litigated toward trial.

**D.    The Appealed Order is not a final order.**

24.    Generally speaking, courts "construe the factor of finality broadly in the bankruptcy context." *In re Truong*, 513 F.3d 91, 93 (3d Cir. 2008). The concept of finality is "interpreted pragmatically in bankruptcy cases because these proceedings often are protracted and involve numerous parties and claims." *Id.* at 93-94 (quoting *In re Natale*, 295 F.3d 375, 378 (3d Cir. 2002)) (internal quotations omitted). However, in the context of adversary proceedings, "the general antipathy toward piecemeal appeals still prevails" and the courts will "apply the same concepts of appealability as those used in general civil litigation" to determine the finality of a bankruptcy court order in an adversary proceeding. *Clark v. First State Bank (In re White Beauty View, Inc.)*, 841 F.2d 524, 526 (3d Cir. 1988). This approach to finality includes applying the rules set forth in Federal Rule of

Civil Procedure 54(b), which is made applicable to adversary proceedings by

Federal Rule of Bankruptcy Procedure 7054(a), to cases involving multiple

claims and multiple parties. *Id.*

> 25.    Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief –
> whether as a claim, counterclaim, cross-claim, or third-party
> claim – or when multiple parties are involved, the court may
> direct the entry of a final judgment as to one or more, but fewer
> than all, claims or parties only if the court expressly determines
> that there is no just reason for delay.  Otherwise, ***any order or***
> ***other decision, however designated, that adjudicates fewer than***
> ***all claims or the rights and liabilities of fewer than all the***
> ***parties does not end the action as to any of the claims or parties***
> and may be revised at any time before the entry of a judgment
> adjudicating all the claims and all the parties' rights and
> liabilities.

FED. R. CIV. P. 54(b) (emphasis added).  Thus, "a bankruptcy order that

disposes of fewer than all claims or parties in an adversary proceeding is not

immediately appealable unless the bankruptcy judge certifies the order for

immediate review pursuant to Bankruptcy Rule 7054, which incorporates

Fed. R. Civ. P. 54(b)."  *In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir.

1999) (finding that a bankruptcy court order granting partial judgment in an

adversary proceeding was not appealable as a final order because the order

did not dispose of all of the claims against the defendants and the bankruptcy

court had not certified the order for immediate review under Federal Rule of

Civil Procedure 54(b)); *see also In re White Beauty View, Inc.*, 841 F.3d at

524 (finding that the district court did not have jurisdiction to hear an appeal

from a bankruptcy court order in an adversary proceeding that "did not

adjudicate all of the claims in the adversary proceeding" and the parties did not obtain certification of the order under Federal Rule of Bankruptcy Procedure 7054).

26.    The rule with respect to adversary proceedings is that "an order in an individual adversary proceeding is not final unless it 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *In re Truong*, 513 F.3d at 94 (quoting *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)).  From these rules the courts have determined that orders granting partial summary judgment in an adversary proceeding are not final appealable orders.  *LTV Steel Co., Inc. v. United Mine Workers of America (In re Chateaugay Corp.)*, 922 F.2d 86, 90 (2d Cir. 1990) ("An order granting partial summary judgment is interlocutory."); *Murphy v. Redmond*, No. 08-2010-JWL, 2008 WL 294538, at *1 (D. Kan. Feb. 1, 2008) (bankruptcy court order granting partial summary judgment in adversary proceeding was not a final order for purposes of 28 U.S.C. § 158(a)); *In re Wood & Locker, Inc.*, 868 F.2d 139, 146 (5th Cir. 1989) (holding that bankruptcy court's grant of partial summary judgment that had not been certified by the bankruptcy court under Federal Rule of Civil Procedure 54(b) was an interlocutory order); *Official Creditors Comm. of Indus. Ceramics, Inc. v. Indus. Ceramics Assocs.*, 252 B.R. 296, 301 (W.D.N.Y. 2000) (grant of partial summary judgment is interlocutory and not appealable as a final order).

-15-

27. In the instant case, the Appealed Order is a denial of Plaintiffs' motion for summary judgment as to only four (4) of twenty (20) counts pending in the Third Amended Complaint. At this point in the litigation only eight (8) counts total have been adjudicated, and even those counts were directed against less than all of the parties in the case.[20] Under Rule 54(b) and controlling Third Circuit authority, the order is not final and not subject to appeal. Plaintiffs are attempting to pursue piecemeal appeals of adverse decisions from the Bankruptcy Court in the Adversary Proceeding while the litigation is continuing.

28. For such reasons, this Court lacks jurisdiction of this matter and the appeal should be dismissed.

**E.    Appellants do not dispute that the Appealed Order is not final.**

29. Plaintiffs (appellants herein) do not dispute that the Appealed Order is not a final order. Apparently this appeal was filed solely as a "conservative" measure, just in case someone, somewhere, might someday contend the order was final. This position was communicated to counsel for the Certain Defendants at the time the appeal was taken, in an email wherein counsel stated that "one could reasonably conclude … the appeal is interlocutory" and that such counsel "[doesn't] take issue with anyone who

---

[20] In fact, with regard to four parties in the case (Joseph Rice, Motley Rice, LLC, Perry Weitz, and Weitz & Luxenberg, P.C.), who are the subject of several separate counts in the Third Amended Complaint, no claims have yet been adjudicated or attempted to have been adjudicated against those parties.

comes to that conclusion." [21]  Counsel conceded in such communication that it would be "unlikely" that anyone could determine the order is final.[22]

30.    Since there is no question the Appealed Order is not final and this Court does not have jurisdiction of this appeal, and given that the Plaintiffs (appellants herein) do not dispute such fact, this appeal should be dismissed.[23]

WHEREFORE, PREMISES CONSIDERED,  Certain Defendants pray that this appeal be dismissed and for such other and further relief to which Certain Defendants are entitled.  Certain Defendants reserve the right to reply to any response filed to this motion.

---

[21]  *See* Hooker Declaration, Ex. "K".

[22]  *See id.*

[23]  At the time this appeal was filed by Plaintiffs, Plaintiffs did not provide any explanation as to the finality of the Appealed Order and/or the Adversary Proceeding.  Consequently, pursuant to FED. R. BANKR. P. 8002(a), within ten (10) days of the filing of this appeal Certain Defendants filed a notice of cross-appeal (the "Notice of Cross-Appeal") of the Bankruptcy Court's Summary Judgment Order on Counts V and VI. [*See* Civil Case No. 3:08-cv-01473-FLW; Docket no. 1, attachment #1].  As specifically noted in the Notice of Cross-Appeal, however, it was filed out of an abundance of caution in the unlikely event that the Appealed Order is somehow deemed to be a final order as to the Adversary Proceeding. *See* Notice of Cross-Appeal, n. 2.  Moreover, in the Notice of Cross-Appeal, Certain Defendants stated their intention to move to dismiss this appeal if the Bankruptcy Court did not approve the parties' settlement (which it did not).  Upon the dismissal of this appeal, Certain Defendants intend to dismiss the cross-appeal.

Dated:  July 23, 2008                          Respectfully submitted,

                                                **LEVITT & SLAFKES, PC**

                                                By: /s/ Bruce H. Levitt
                                                Bruce H. Levitt (BL 9302)
                                                76 South Orange Avenue, Suite 305
                                                South Orange, NJ  07079
                                                tel (973) 313-1200
                                                fax (973) 313-1240

                                                and

                                                Sander L. Esserman (Admitted pro hac vice)
                                                Van J. Hooker (Admitted pro hac vice)
                                                **STUTZMAN, BROMBERG,**
                                                **ESSERMAN & PLIFKA**
                                                A Professional Corporation
                                                2323 Bryan Street, Suite 2200
                                                Dallas, Texas 75201
                                                (214) 969-4900 – Phone
                                                (214) 969-4999 – Fax

                                                **Counsel to Arthur J. Pergament,**
                                                **Collateral Trustee, and firms**
                                                **representing**
                                                **Asbestos Claimants**

                                                **Counsel to the Asbestos Claimants**
                                                **represented by their firms:**

                                                **Belluck & Fox, LLP**
                                                295 Madison Ave, 37th Floor
                                                New York, New York 10017

                                                **Brayton Purcell, LLP**
                                                222 Rush Landing Road
                                                P.O. Box 6169
                                                Novato, CA 94948

                                                **David M. Lipman, PA**
                                                5901 S.W. 74th Street, Suite 304
                                                Miami, FL. 33143

**Heard, Robbins, Cloud, Lubel, LLP**
500 Dallas Suite 3100
Houston, Texas 77002

**Hissey, Kientz & Herron, PLLC**
16800 Imperial Valley Drive
Suite 130
Houston, TX 77060

**Motley Rice, LLC**
Post Office Box 1792
Mount Pleasant, SC 29465

**SimmonsCooper, LLC**
209 South LaSalle
Suite 701
Chicago, IL 60604

**Weitz & Luxenberg PC**
180 Maiden Lane
17th Floor
New York, NY 10038

**Baron & Budd PC**
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219

**Brent Coon & Associates**
3550 Fannin
Beaumont, TX 77701

**Early, Ludwick, Sweeney & Strauss**
360 Lexington Ave., 20th Floor
New York, NY  10017

**Kazan McClain Abrams
Fernandez Lyons & Farrise PC**
171 Twelfth Street
Third Floor
Oakland, CA 94607

**The Law Offices of Peter Angelos**

One Charles Center
100 N. Charles St.
Baltimore, MD 21201-3804

**Morris Sakalarios & Blackwell**
1817 Hardy Street
Hattiesburg, MS 39401

**The Provost Umphrey Law Firm LLP**
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

**The Shein Law Center**
121 South Broad St., 21st Floor
Philadelphia, PA 19107

**Thornton & Naumes, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110

**Waters & Kraus LLP**
3219 McKinney Avenue
Dallas, Texas 75204

**Cooney & Conway**
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602

**Paul & Hanley, LLP**
1608 Fourth Street, Suite 300
Berkeley, CA 94710

**SimmonsCooper, LLC**
707 Berkshire Blvd.
East Alton, Illinois 62024

**The David Law Firm, PC**
10655 Six Pines Drive, #260
The Woodlands, Texas 77380

**The Law Offices of G. Patterson Keahey**
One Independence Plaza
Suite 612

Birmingham, Alabama 35209

**Norris & Phelps, PLLC**
101 Ferguson St.
Hattiesburg, Mississippi 39401

<u>Proof of Service</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Motion to Dismiss Appeal and all documents in support thereof, was served as noted below, upon the following parties on this the 23rd day of July, 2008.

<u>/s/ Bruce H. Levitt</u>
Bruce H. Levitt

VIA FEDEX

James R. Savin
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Co-Counsel to the Official Committee
of Bondholders of Congoleum Corp., et al.

Michael A. Zindler
Teich Groh
691 State Highway 33
Trenton, New Jersey 08619-4492
Co-Counsel to the Official Committee
of Bondholders of Congoleum Corp., et al.

Kerry A. Brennan
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
Co-Counsel to the Debtors

Gregory A. Kinoian
Okin, Hollander & DeLuca, LLP
Parker Plaza 400 Kelby Street
Fort Lee, New Jersey 07024
Co-Counsel to the Debtors

Nancy Isaacson
Goldstein Issacson, PC
100 Morris Avenue, 3rd Floor
Springfield, New Jersey 07081
Co-Counsel to the Unsecured
Asbestos Claimants Committee

Ronald Reinsel
Caplin & Drysdale, Chtd.
One Thomas Circle, N.W.
Washington, DC 20005
Co-Counsel to the Unsecured
Asbestos Claimants Committee

VIA EMAIL

Avoidance Action Email Service List (which includes the law firms identified in the Third Amended Complaint in Adv. No. 05-06245 as representing the asbestos personal injury defendants identified on Exhibits 1 to 91 attached to the Third Amended Complaint)

Master Email Service List (which includes those counsel to various parties in the Chapter 11 case who agreed to accept service by email pursuant to that certain administrative order entered on September 6, 2005 in Case No. 03-51524)